UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN COXON,

    Plaintiff,

v.

UNITED STATES DISTRICT COURT, et al.,

    Defendants.

Case No. 22-cv-01536-JD

**ORDER RE IFP APPLICATION AND DISMISSING COMPLAINT**

Re: Dkt. Nos. 1, 2

Pro se plaintiff Benjamin Coxon has filed a complaint and an application for leave to proceed in forma pauperis (IFP). Dkt. Nos. 1, 2. The IFP application is granted, and the case is dismissed.

IFP requests are evaluated under 28 U.S.C. § 1915. The first question is whether the plaintiff's financial status excuses payment of the court's filing fees. The answer is yes. Coxon states that his gross monthly income is less than $1,000, he receives food stamps, and he relies on his parents for housing. Dkt. No. 2. Coxon meets the financial qualifications for IFP status.

The second question is whether the complaint is sufficient to stand, and the answer is no. The Court may "at any time" dismiss an IFP complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The standard is the same as under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). As a pro se plaintiff, Coxon gets a liberal construction of his complaint and the benefit of any doubts, but he still must satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible claim. *Davis v. Saul*, No. 20-CV-05805-JD, 2021 WL 121129, at *1 (N.D. Cal. Jan. 13, 2021), *aff'd sub nom. Davis v. Kijakazi*, No. 21-15338, 2021 WL 3783652 (9th Cir. Aug. 26, 2021).

The complaint is incomprehensible in every respect, and unfortunately does not appear to be grounded in reality. There is no good reason to dissect the complaint with greater specificity. Consequently, it is dismissed. Although it is the Court's standard practice to allow amendment after an initial order of dismissal, the complaint indicates no reasonable likelihood that plaintiff will be able to articulate a plausible claim, and so the dismissal is with prejudice. Other courts have reached the same outcome in other cases filed by Coxon, who is a frequent litigant in the District. *See, e.g.*, *Coxon v. United States District Court*, Case No. 3:21-cv-04317-CRB, Dkt. No. 8; *Coxon v. United States District Court*, Case No. 4:21-cv-05099-HSG, Dkt. No. 15.

**IT IS SO ORDERED.**

Dated: April 13, 2022

JAMES DONATO
United States District Judge